UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA SEFORA SANTA and VIRGIL SEVER SANTA,<br><br>Defendants. | No. 2:16-cr-00171-KJM<br><br><br><br>ORDER |

Before the court are two requests related to the trial pending later this month. First, the government asks the court to empanel dual juries. ECF No. 44. Defendant Virgil Santa opposes. ECF No. 46. Second, the government seeks to admit Pretrial Services Officer Taifa Gaskins's testimony at trial and has asked the court for permission for the parties to discuss with Officer Gaskins the testimony she would provide if required to testify subject to the subpoena the government has issued. ECF No. 48. As explained below, the court DECLINES to empanel dual

1

juries but severs defendants for trial. The court DENIES the government's second request, without prejudice to renewal during trial as explained.

I.  DUAL JURIES (*BRUTON*)

The parties agree, if admissible, Virgil Santa's statements, attached at ECF No. 44-1, cannot satisfy the *Bruton* rule. *See Bruton v. United States*, 391 U.S. 123 (1968). *Bruton* held that a defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is introduced at their joint trial, even if the court instructs the jury to consider the confession only against the defendant. *Richardson v. Marsh*, 481 U.S. 200, 201-02 (1987) (stating this rule). Such statements may violate the Confrontation Clause when they "facially, expressly, clearly, or powerfully implicate[] the defendant." *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001) (citing *Bruton*, 391 U.S. at 135-36), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1210 (9th Cir. 2007).

Having reviewed the statements, the court finds, as all parties agree, a limiting jury instruction cannot sanitize Virgil Santa's statements. Accordingly, the court must either sever the trials or empanel separate juries. Because each trial is slated to last a maximum of three days, and given the logistical challenges inherent in empaneling dual juries, the court DENIES the government's request and instead will sever the trials to run consecutively. Virgil Santa's trial will be held first to accommodate the schedule of certified Romanian interpreters.

Accordingly, Virgil Santa's trial is confirmed to begin **Tuesday morning, October 17, 2017, at 9 a.m.** Maria Santa's trial will follow upon conclusion of Virgil Santa's trial, with the exact start date and time set by that time.

II.  PRETRIAL SERVICES INFORMATION DISCLOSURES

The government also requests the court require Pretrial Service Officer Gaskins to disclose prior to trial the testimony she would provide subject to subpoena, contending her testimony will be admissible and advanced disclosure will help the parties narrow issues and efficiently prepare to present their cases. ECF No. 48. Officer Gaskins served as the Pretrial Services Officer for Maria Santa. At the time she spoke to Virgil Santa in February 2014, if she

did, he was not subject to pretrial supervision as the charges against him had been dismissed. Case No. 2:08-cr-468, Mins. Aug. 21, 2013 Status Conf., ECF No. 368 ("The court granted the government's motion, and all charges were dismissed as to Virgil Sever Santa."). The government seeks Officer Gaskins's testimony as to whether she told Virgil an arrest warrant for Maria would be, or had been, issued. ECF No. 48 at 1. Whether to grant this request turns on whether the underlying information will be admissible at trial.

The pretrial services statutory framework deems information obtained during the pretrial services process confidential and presumptively inadmissible to prove guilt in criminal prosecutions. 18 U.S.C. § 3153(c)(1), (c)(3). Information a pretrial services officer obtains, not through her relationship with the accused, but rather through mere observation on the job, may be admissible to prove guilt. *See United States v. Hammond*, 666 F.2d 435, 438 (9th Cir. 1982) (finding no error where district court permitted pretrial services officer to testify about what he saw defendant do). Here it appears the government seeks to know more than what Officer Gaskins merely observed. When pretrial statements are at issue, Circuit courts generally have found pretrial services information, even if presumptively confidential, may be used to impeach defendants and witnesses in criminal trials. *See United States v. Stevens*, 935 F.2d 1380, 1394 (3d Cir. 1991) ("There is . . . no clear statutory bar to using pretrial services statements for impeachment purposes.") (citation and emphasis omitted); *see also United States v. De La Toree*, 599 F.3d 1198, 1205 (10th Cir. 2010) (finding confidential pretrial services information admissible for impeachment); *United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004) (same); *United States v. Wilson*, 930 F.2d 616, 619 (8th Cir. 1991) (same); *United States v. Balogun*, 463 F. App'x 476 (6th Cir. 2012) (same); *but see United States v. McLaughlin*, 777 F.2d 388, 392 (8th Cir. 1985) (expressing concerns about using pretrial services information for impeachment purposes, although issue not raised by defendant on appeal). This distinction makes sense, as impeachment evidence is subject to more lenient admissibility standards than evidence used to prove guilt. *See, e.g.*, Fed. R. Evid. 609 (exceptions to ban on propensity evidence when used for impeachment).

3

Here, it is unclear if the information the government seeks to admit is in fact "pretrial services information." The statute does not define this type of information, and instead directs the Chief Pretrial Services Officer in each district to "issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection." 18 U.S.C. § 3153(a)(2). The applicable regulations in this district broadly define pretrial services information as "any information . . . obtained or developed by a pretrial services officer in the course of performing pretrial services." Guide to Judiciary Policy, Vol. 8, Pt. A, App'x 5A: Confidentiality Regulations, Section 2.A (defining "[p]retrial services information").[1] The government says it does not seek information Officer Gaskins "obtained" or "developed" through pretrial services; rather, the government seeks to admit any statement Officer Gaskins made to Virgil Santa about a matter of public record, an existing warrant for Maria Santa's arrest.

Nonetheless, considering the strong policy interests in broadly insulating confidential pretrial services information from use in criminal trials, *see, e.g.*, *Stevens*, 935 F.2d at 1396 (describing policy goal of preserving "sanctity" of the relationship between a defendant and a pretrial services officer), the government has not persuaded the court that the testimony of Officer Gaskins is admissible for any purpose other than impeachment. The government cites no case law applying the definition of pretrial services information or the words "obtained" or "developed" as used in the regulations; it concedes no authority addresses whether the type of statement it seeks here would be admissible on the issue of guilt of Virgil Santa: that is, where the statement is that of a pretrial services officer made to a third party about a defendant. Each case the government cites to argue admissibility either pertains exclusively to impeachment evidence or is materially distinguishable. *See* ECF No. 48 at 4-5; *see also Hammond*, 666 F.2d at 438 ("No court has yet issued an opinion defining the scope of the category of 'information' that is subject to this confidentiality requirement" and "it is thus unclear whether . . . the protection is limited to information that a defendant directly communicates to the [pretrial services officer].").

---

[1] The court will file this portion of the regulations, which are otherwise not publicly available, on the court's docket.

Equally important, defendant Maria Santa has now pled guilty to the sole charge for which the statute itself would render the statement admissible, failure to appear for service of sentence. 18 U.S.C. § 3153(c)(3) (noting exception to admissibility bar if the prosecution is for "failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided."); *see* Mins. from Maria Santa Plea H'rg, ECF No. 49.

The court is unpersuaded by the government's contention at hearing that its dire need for the statement to prove an element of the pending charge against Virgil Santa, namely his awareness that a warrant was issued for his wife's arrest, compels the statement's admissibility. The court therefore will limit admissibility to impeachment purposes, if any statement is relevant. The court DENIES the government's request for pretrial disclosure of any statement Officer Gaskins made to Virgil Santa, without prejudice to renewal if grounds for eliciting any statement as impeachment arise. The court is assessing *in camera* any statements Officer Gaskins would make if she does testify, so that it will be prepared to rule promptly on any request to offer impeachment testimony during trial.

IT IS SO ORDERED.

This resolves ECF Nos. 44, 48.

DATED: October 6, 2017.

_____
UNITED STATES DISTRICT JUDGE