PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
MATTHEW THUESEN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>VIRGIL SEVER SANTA,<br><br>                    Defendant. | CASE NO. 2:16-CR-00171 KJM<br><br>UNITED STATES'S MOTION IN LIMINE #6 –<br>ADMISSION OF BUSINESS AND OFFICIAL<br>RECORDS<br><br>DATE: September 12, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States moves *in limine* for the admission of certain business and official records.

### I.     BACKGROUND

The government's MIL No. 1 provides a detailed overview of the facts the government intends to prove a trial, and they need not be repeated here. This motion focuses on the admission of business and public records from Romania, which the government obtained via a request to the Romanian government under the Treaty between the Government of the United States of America and the Government of Romania on Mutual Legal Assistance in Criminal Matters, signed at Washington on May 26, 1999, by the Attorney General of the United States (the "MLAT" or "Treaty"). *See* https://www.congress.gov/106/cdoc/tdoc20/CDOC-106tdoc20.pdf.

First, government seeks to admit Romanian business records that were obtained under the U.S.-Romanian MLAT via the Office of International Affairs (OIA) of the Department of Justice. These business records include bank account records from Banca Comerciala Romana S.A., which show that

the defendant and Maria Santa possessed a bank account in Romania between 12/29/2014 and 6/30/2016 (the "bank records"). *See* Exhibit A (filed under seal).

Second, the government seeks to admit Romanian official (i.e., government) records that were also obtained under the MLAT via OIA. These official records include documents that the defendant and Maria Santa submitted to the Municipality of Medias in Romania for the purpose of establishing official residency there in 2014 and 2015 (the "official records"). *See* Exhibit C (filed under seal). The attached exhibits are the translated versions (Romanian to English) of the originally produced Romanian documents, and the government has inquired with defense about a stipulation regarding the authenticity of the translations without the government having to call the translators to testify at trial.

Third, this motion also addresses the admission of domestic (U.S.) business records under Federal Ruled of Evidence 803(6) and 902(11).

## II.  THE COURT SHOULD ADMIT ROMANIAN BANK AND OFFICIAL RECORDS UNDER THE MUTUAL LEGAL ASSISTANCE TREATY

### A.  A Treaty Exists Between the United States and Romania Concerning the Production and Admission of Foreign Business and Official Records in a Criminal Case.

Mutual Legal Assistant Treaties (MLATs) are commonly used in criminal cases to obtain records from foreign countries and to establish a procedure for the admission of such records in a criminal trial. *See, e.g.*, *United States v. Hagege*, 437 F.3d 943, 954–56 (9th Cir. 2006); *United States v. Jawara*, 474 F.3d 565, 584 (9th Cir. 2007). On par with that of a statute, the text of a treaty with a foreign government is the "supreme law of the land." *McKesson Corp. v. Islamic Republic of Iran*, 539 F.3d 485, 488 (D.C. Cir. 2008) (quoting U.S. CONST. art. VI, cl. 2). The U.S.-Romanian MLAT was signed by the Attorney General on May 26, 1999. It was later ratified by Congress in October 2000. *See* https://www.congress.gov/treaty-document/106th-congress/20. Under this Treaty, the United States can make a formal request to the Romanian government for assistance in obtaining Romanian business records and public records.

Under the MLAT, Articles 4 and 5 discuss how the United States (the "Requesting State") can formally request business or official records from Romania (the "Requested State") under the treaty. *Id.* at Articles 4 and 5. If such a request is made for business records, Article 8 discusses the procedure that the Requested State must follow to obtain the requested records from a person or business in the

Requested State. *Id.* at Article 8. "Evidence that has been produced in the Requested State ... shall, upon request, be certified by an attestation, including in the case of business records, certification in the manner indicated in Form A appended to this Treaty." *Id.* at Article 8(5). Importantly, "Records certified by Form A ... *shall be admissible in evidence* in the Requesting State. *Id.* (emphasis added). If such a request is made for official records, Article 9 discusses the procedure that the Requested State must follow to obtain the requested records from a government entity. *Id.* at Article 9. "Records produced pursuant to this Article shall, upon request, be certified by an official responsible for maintaining them through the use of Form C appended to this Treaty." *Id.* at Article 9(3). Importantly, "Records certified by Form C ... *shall be admissible in evidence* in the Requesting State. *Id.* (emphasis added). Accordingly, the MLAT makes clear that business records and official records produce by Romania *shall be admissible in evidence* in the United States so long as the records are accompanied by a certification that confirms with either Form A or Form C, respectively.

### B. Foreign Business Records Are Also Admissible Under 18 U.S.C. § 3505.

Enacted to "streamline the admission of [foreign] records," 18 U.S.C. § 3505 provides for the admission of documents upon the presentation of a certification attesting to a series of questions substantially similar to those required to authenticate domestic business records. *United States v. Strickland*, 935 F.2d 822, 831 (7th Cir. 1991); Fed. R. Evid. 902(11). The benefit of a foreign certification that satisfies section 3505 is that it "serves to authenticate the foreign records, and thus 'dispenses with the necessity of calling a live witness to establish authenticity.'" *Hagege*, 437 F.3d at 956 (quoting *United States v. Sturman*, 951 F.2d 1466, 1489 (6th Cir. 1991)). In other words, a § 3505 certification both authenticates the records and places them within the business-records exception to the rule against hearsay. Fed. R. Civ. P. 44(a)(ii).

### C. Foreign Official Records Are Also Admissible Under a Combination of Authorities.

Foreign official records (e.g., government records) are also admissible under a combination of federal rules and a statute so long as the records are accompanied by a certification under an applicable treaty. A foreign official record certification must comport with Federal Rule of Civil Procedure 44(a)(ii), which is applicable to criminal cases by virtue of Federal Rule of Criminal Procedure 27 and 28 U.S.C. § 1741. Particularly, Rule 44(a) states, "Each of the following evidences a foreign official

record—or an entry in it—that is otherwise admissible: (i) an official publication of the record; or (ii) the record—or a copy—that is attested by an authorized person and is accompanied either by a final certification of genuineness or by a certification *under a treaty or convention* to which the United States and the country where the record is located are parties." Fed. R. Civ. P. 44(a) (emphasis added).

### D.   The Proffered Foreign Bank and Official Records Are Admissible.

The government's proffered Romanian bank and official records are admissible in this criminal trial because they were obtained under the U.S.-Romanian MLAT and contain fully executed certifications that confirm with the corresponding certification Forms listed in the MLAT: Form A for the business records and Form C for the official records. *See* Exhibits B (certification for Exhibit A) and D (certification for Exhibit C). The bank records are also admissible under 18 U.S.C. § 3505 because they include a certification that at least substantially conforms with the requirements of the statute. *See Jawara*, 474 F.3d at 584 (finding that a Gambian certification accompanying foreign school examination records was sufficient to admit the documents because even though the "attestation d[id] not mirror the exact language of § 3505(a)(1), it satisfie[d] the statutory requirements in substance--the certification confirm[ed] the accuracy of the test records maintained in the files of the examination agency"). The official records are also admissible under Federal Rule of Civil Procedure 44(a)(ii) as discussed above because they include a certification that is attested by an authorized person and is accompanied by a certification under a treaty to which the United States and Romania are parties. Notice of the government's intent to offer these foreign records into evidence was emailed to defense counsel on April 19, 2022. Exhibit E.

Admission of these records under the above authorities does not violate the Confrontation Clause. *See United States v. Mallory*, 461 F. App'x 352, 356–57 (4th Cir. 2012) (finding a certificate of authentication for business records is not testimonial in nature); *United States v. Yeley-Davis*, 632 F.3d 673, 680–81 (10th Cir. 2011) (similar); *United States v. Thompson*, 686 F.3d 575, 582 (8th Cir. 2012) (similar); *see also United States v. Anekwu*, 695 F.3d 967, 976 (9th Cir. 2012) (arriving at the same conclusion, but on plain-error review).

/ / /

/ / /

### III. THE COURT SHOULD ADMIT OTHER BUSINESS RECORDS

The government also seeks to admit the following domestic business records under Federal Rule of Evidence 803(6). Each of these documents have been produced in discovery along with a corresponding certificate of authenticity under Rule 902(11). Pursuant to Rule 902(11), the defense has been notified of the government's intent to introduce these documents into evidence as certified business records and has had ample opportunity to inspect them.

| Record Description | Business/Organization Source | Bates Numbers |
|---|---|---|
| Intuit TurboTax software | Intuit, Inc. | SANTA_1612–13 |
| Intuit TurboTax filing records | Intuit, Inc. | SANTA_2001–97 |
| Delta Airlines flight records | Delta Airlines | SANTA_0085–90 |
| United Airlines flight records | United Airlines | SANTA_0091–95 |
| American Airlines flight records | American Airlines | SANTA_0096–109 |
| US Bank bank account records | US Bank | SANTA_0188, 191–96 |
| US Bank bank account records | UA Bank | SANTA_1856–68 |
| PG&E service records | PG&E | SANTA_1924–48 |
| Home sale escrow records | North American Title Co. | SANTA_0306–1136 |

These proffered records are admissible under Federal Rule of Evidence 803(6) because they are certified domestic records of a regularly conducted activity, they are self-authenticating by the corresponding certificates of authenticity under Rule 902(11), and their admission without a witness does not violate the Confrontation Clause. *See United States v. Anekwu*, 695 F.3d 967, 976–77 (9th Cir. 2012). The government seeks a pretrial ruling on the admissibility of these records to plan, if needed, for the custodians' appearance in court.

Federal Rule of Evidence 902(11) provides that business records that meet the requirements of the hearsay exception in 803(6), "as shown by the certification of a custodian, are self-authenticating." *Anekwu*, 695 F.3d at 976. Such certifications are not testimonial because their purpose is solely to authenticate the otherwise admissible records, not to establish or prove a fact at trial. *Id.* at 977. Therefore, if the proffered records meet the foundational requirements of the business records hearsay

exception 803(6) and are authenticated by certificates of a records custodian pursuant to Rule 902(11), the records are admissible as self-authenticating documents whose admission does not violate the Confrontation Clause. *See Anekwu*, 695 F.3d at 976; *see also United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990).

### IV. CONCLUSION

The Court should find that the government's proffered business and official records discussed above are admissible, in the sense that they are authentic and satisfy the business or government record exception to the hearsay rule.

Dated: August 26, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Robert J. Artuz*
ROBERT J. ARTUZ
MATTHEW THUESEN
Assistant United States Attorneys